UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
Thomas G. Kibler

Chapter 13
Case No. 18-30386

Debtors.

---

RESPONSE TO EMERGENCY MOTION TO STAY SHERIFF'S SALE

---

Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates, Series 2005-WL2 as serviced by Select Portfolio Servicing, Inc. ("DBNTC") hereby responds to the debtor's emergency motion to stay the sheriff's sale. The debtor's motion requests that the court stay the foreclosure and is an improper collateral attack on the court's prior order granting relief from stay.

**I.    DBNTC's Foreclosure by Action Does Not Violate the Terms of the Confirmed Plan (Docket No. 101) and Is Expressly Provided for in the Order for Relief From Stay (Docket No. 77).**

Despite the court's order granting relief from stay (docket no. 77) and the confirmed plan providing that the parties' rights will be determined by final judgment in judicial foreclosure proceedings (docket no. 101), the debtor is now asking the court to stay the sheriff's sale scheduled for May 28, 2020. The court's order confirming the debtor's plan was a final judgment.

*United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 269 (2010). The debtor cites 11 U.S.C. § 105 as the court's authority to stop the sale. Section 105 gives the bankruptcy court the power to issue orders necessary or appropriate to carry out the provisions of Title 11. *In re Panther Mountain Land Dev., LLC,* 686 F.3d 916, 926 (8th Cir. 2012).

But here, the confirmed plan and the order for relief from stay expressly allow DBNTC to proceed with a foreclosure by action. The confirmed plan provides:

> 17.1. With regard to whether there is a valid secured claim set forth in Proof of Claim #6, the parties' rights will be determined by final judgment in judicial foreclosure proceedings to be initiated in the Ramsey County District Court (State Court), subject to the expiration of or exhaustion of all appeals of such judgment, and no payments will be made on Proof of Claim #6 under this Plan.

Docket No. 101. The DBNTC order for relief from stay

> 1. The automatic stay imposed by 11 U.S.C. §§ 362(a) and 1301(a) is terminated such that the movant may exercise its rights and remedies under applicable non-bankruptcy law with respect to the following property limited to foreclosure by action: Lot 3, Block 1, Amber Oaks, Ramsey County, Minnesota.

Docket No. 77.

The confirmed plan and the order for relief from stay expressly provide for a judicial foreclosure in state court. In fact, the debtor agreed that DBNTC could foreclosure by action in state court. (Docket No. 76 at 28 "the proceedings should be consolidated and continued for an evidentiary

hearing on the issue of standing, unless this Court instructs SPS to commence a judicial foreclosure action in Ramsey County District Court Court to hear and maintains the status quo by ordering limited relief from the automatic stay for judicial foreclosure proceedings to be initiated in the Ramsey County District.")

DBNTC commenced a judicial foreclosure in the Ramsey County District Court and obtained an order and judgment for a sheriff's sale. The debtor is free to appeal and has already commenced that appeal. There are ways to obtain a stay in the state court proceeding and the debtor has not attempted those avenues. The court may deny the debtor's motion because it is an improper collateral attack on the order for relief from stay and DBNTC has done nothing to violate the confirmed plan.

II. **The Debtor Waived Any Homestead Argument in the Foreclosure Proceeding Because He Has Not Asserted these Claims in the Foreclosure Proceeding.**

The court may decline to intervene in the state court foreclosure proceeding. The state court issued an order and judgment for foreclosure. The debtor did not assert any homestead argument in that state court proceeding. He has not raised these issues on appeal, nor has he sought a stay in the trial court. Issues raised for the first time on appeal will not be considered. *In re Stadsvold*, 754 N.W.2d 323, 327 (Minn. 2008).

Minnesota Statutes section 581.08 provides that:

> Upon the coming in of the report of sale, the court shall grant an order confirming the sale, or, if it appears upon due examination that justice has not been done, it may order a resale on such terms as are just. If the sale is confirmed, the sheriff shall forthwith execute the proper certificate of sale, which shall be recorded within 20 days after such confirmation.

The sale has not yet occurred. The state court has not yet confirmed the sale. The debtor is free to make his homestead arguments to the state court within the foreclosure proceeding.

## CONCLUSION

DBNTC respectfully requests that the court deny the debtor's motion.

Dated: May 26, 2020

                                        USSET, WEINGARDEN & LIEBO, P.L.L.P.

                                        By: /E/ Kevin T. Dobie
                                        Attorney No. 388322
                                        4500 Park Glen Road, #300
                                        Minneapolis, MN  55416
                                        (952) 925-6888
                                        kevin@uwllaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
Thomas G. Kibler

Chapter 13
Case No. 18-30386

Debtors.

---

UNSWORN DECLARATION FOR PROOF OF SERVICE

I, Maria L. Aligah, employed on this date by USSET, WEINGARDEN & LIEBO P.L.L.P., attorney(s) licensed to practice law in this court, with office address of 4500 Park Glen Road, Suite 300, Minneapolis, Minnesota 55416, upon penalty of perjury, declares that on May 26, 2020, I served the annexed Response to Emergency Motion to Stay Sheriff's Sale and Proposed Order upon each of the entities named below by mailing to them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at Minneapolis, Minnesota, addressed to each of them as follows:

Not applicable

and delivered by email notification under CM/ECF on the day efiled with the court to each of them as follows:

Office of the United States Trustee

Gregory A. Burrell, Chapter 13 Trustee

John William Verant, Esq.

/E/Maria L. Aligah

-5-

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
Thomas G. Kibler

Chapter 13
Case No. 18-30386

Debtors.

ORDER

The above entitled matter came for hearing upon the motion of debtor on May 27, 2020, at the U.S. Bankruptcy Court, St. Paul, Minnesota. Appearances were as noted in the record. Based upon the evidence adduced at said hearing, the arguments of counsel, and the court being fully advised,

IT IS ORDERED:

The motion is denied.

Dated:_____

_____
United States Bankruptcy Judge