UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
THOMAS G. KIBLER,                                    BKY No.: 18-30386-wjf
    Debtor.                                          Chapter 13

REPLY TO RESPONSE TO EMERGENCY MOTION TO ENFORCE SECTION 17.1 OF
THE CONFIRMED CHAPTER 13 PLAN (ECF NO. 104) ) BY STAYING SHERIFF'S SALE
SCHEDULED FOR MAY 28, 2020 AND FURTHER BASED ON NONCOMPLIANCE WITH
MINN. STAT. SEC. 581.03 AND THE LAWS RELATING TO SALES OF
REAL ESTATE ON EXECUTION

**INTRODUCTION**

Debtor Thomas G. Kibler ("Mr. Kibler"), by his attorney, John William Verant, replies to the Response of counsel for Select Portfolio Servicing, Inc. ("SPS") purporting to represent "Deutsche Bank National Trust Company, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates, Series 2005-WL2 as serviced by Select Portfolio Servicing, Inc. ('**DBNTC**'[1])" (emphasis added) to Mr. Kibler's Emergency Motion for Order to Stay Sheriff's Sale scheduled for May 28, 2020 for being in violation of Section 17.1 of the Confirmed Chapter 13 Plan (ECF No. 104) applicable during the pendency of his appeal to the Minnesota Court of Appeals and thereafter until the expiration of or exhaustion of his appeals and because the purported Notice of Sale violates Minn. Stat. sec. 581.03 and is not in compliance with Minnesota law relating to the sale of real estate on execution.

---

[1] *See* the identification of the purported secured claimant in the first paragraphs of ECF Nos. 53, 59, 60, 62, 63, 68, 75, 88 and 96. *See* also Proof of Claim No. 6, line 1.

1

# REPLY ARGUMENT

**I. This Court has the sole, exclusive authority to enforce the terms of Mr. Kibler's Confirmed Chapter 13 Plan.**

Section 17.1 of the Confirmed Chapter 13 Plan specifically provides that the validity of the disputed secured claim will be determined by judicial foreclosure proceedings in Ramsey County District Court, subject to the expiration of or exhaustion of all appeals. It is undisputed that Mr. Kibler's appeal is pending before the Minnesota Court of Appeals in Appeal No. A20-0722. The attempt to execute on the March 16, 2020 Judgment is premature and threatens to extinguish Mr. Kibler's rights to continued occupancy and possession of his Homestead located at 1694 Valerie Lane in New Brighton, Ramsey County, Minnesota during the term of his Confirmed Chapter 13 Plan.

**II. There is no valid dispute that 1694 Valerie Lane in New Brighton, Ramsey County, Minnesota is Mr. Kibler's Homestead.**

Mr. Kibler claimed 1694 Valerie Lane in New Brighton, Ramsey County, Minnesota as his Homestead in his May 22, 2019 Schedules A/B and C (ECF No. 40, pages 3, line 1.1 and page 19, item 2). No party objected to the Homestead claim. Mr. Kibler also clearly and consistently made it known to the Ramsey County District Court that 1694 Valerie Lane in New Brighton, Ramsey County, Minnesota is his Homestead. See Declaration of Wendy Alison Nora and Exhibits 11, 12, and 13 attached thereto. Mr. Kibler did not waive his Homestead rights in the judicial foreclosure proceedings but the disputed secured claimant waived its right to object to the status of 1694 Valerie Lane in New Brighton, Ramsey County, Minnesota as Mr. Kibler's Homestead by failing to object to the Homestead status in the time allowed by Fed. R. Civ. P. 4003(b)(1) which provides:

2

> Rule 4003. Exemptions
>
> (b) Objecting to a Claim of Exemptions.
>
> (1) Except as provided in paragraphs (2) and (3), a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

Paragraphs 4003(b)(2) and (3) are not applicable in this case.

**III. The Motion to Stay is not an improper "collateral attack" on the September 12, 2019 Order lifting the automatic stay (ECF No. 77).**

The terms of the Order lifting the automatic stay were stated and clarified in Section 17.1 of the Confirmed Chapter 13 Plan. The disputed secured creditor withdrew its objection to the confirmation of Chapter 13 Plan (ECF No. 102). The Confirmed Chapter 13 Plan is binding on the disputed secured creditor, Mr. Kibler and all other interested parties.

**IV. The Notice of Sale is invalid.**

The disputed secured creditor does not address the invalidity of the Notice of Sale which was not served on Mr. Kibler as required by Minn. Stat. sec. 550.19 ("in like manner as a summons in a civil action in the district court"); does not contain the language mandated by Minn. Stat. sec. 550.175, Subd. 2; and the language contained in the improperly served Notice of Sale is materially misleading. Even if the Notice of Sale had been properly served, which it undisputedly was not, if Mr. Kibler had complied with the instructions provided, he would not have been able to protect his Homestead rights.

**V. Contrary to the assertion of the disputed secured creditor, Minn. Stat. sec. 581.08 does not provide for a contested confirmation hearing.**

Minn. Stat. sec. 581.08 provides:

581.08 REPORT OF SALE; CONFIRMATION; RESALE. Upon the coming in of the report of sale, the court shall grant an order confirming the sale, or, if it appears upon due examination that justice has not been done, it may order a resale on such terms as are just. If the sale is confirmed, the sheriff shall forthwith execute the proper certificate of sale, which shall be recorded within 20 days after such confirmation.

Minn. Stat. sec. 581.08 does not provide for a contested confirmation hearing. It mandates confirmation unless it appears to the district court upon "due examination" that justice has not been done. Moreover, the remedy in the event that justice has not been done is to order resale which would still be contrary to the terms of the Confirmed Chapter 13 Plan while Mr. Kibler's appellate rights have not expired or been exhausted.

**VI. Mr. Kibler is protected by his Confirmed Chapter 13 Plan and is not required to seek a stay of execution pending appeal under Minn. R. Civ. App. P. 108.02.**

A stay pending appeal under Minn. R. Civ. App. P. 108.02 requires a supersedeas bond which a Chapter 13 Debtor would not be able to post. Mr. Kibler is not required to post security against the execution of the judgment pending appeal because he is operating under a Chapter 13 Plan which is subject to the exclusive jurisdiction of this Court. Although he is seeking enforcement of the terms of his Chapter 13 Plan under 11 U.S.C. sec. 105(a), if he were forced to proceed in an adversary proceeding to seek an injunction, Fed. R. Bankr. P. 7065 specifically provides that Fed. R. Civ. P. 65( c) requiring security for injunctive relief does not apply under Fed. R. Bankr. P. 7065.

**CONCLUSION**

The Motion for Stay of the threatened invalid Sheriff's Sale must be granted.

Dated at Fridley, Minnesota this 27th day of May, 2020.

*/e/ John William Verant*

_____
John William Verant
Attorney at Law
7120 Riverview Terrace N.E.
Fridley, Minnesota 55432
Telephone: (763) 537-1427
Email: verantjohnwilliam@gmail.com
Minnesota Bar #017046X

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:
THOMAS G. KIBLER,                                   BKY No.: 18-30386-wjf
  Debtor.                                           Chapter 13

DECLARATION OF SERVICE

Wendy Alison Nora declares, under penalty of perjury pursuant to 28 U.S.C. sec. 1746. that she filed the foregoing Reply to Response to Emergency Motion, the Declarations under Penalty of Perjury and Exhibits 11, 12, and 13 attached thereto by CM/ECF on May 27, 2020 at the direction of Debtor's attorney and thereby served all parties capable of service by CM/ECF.

*/s/Wendy Alison Nora*

Wendy Alison Nora