UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:

THOMAS GEORGE KIBLER,
    Debtor.

BKY No.: 18-30386-wjf

Chapter 13

---

DECLARATION OF WENDY ALISON NORA
IN REPLY TO RESPONSE TO EMERGENCY MOTION TO ENFORCE SECTION 17.1 OF
THE CONFIRMED CHAPTER 13 PLAN (ECF NO. 104) ) BY STAYING SHERIFF'S SALE
SCHEDULED FOR MAY 28, 2020 AND FURTHER BASED ON NONCOMPLIANCE WITH
MINN. STAT. SEC. 581.03 AND THE LAWS RELATING TO SALES OF
REAL ESTATE ON EXECUTION

---

    Wendy Alison Nora declares under penalty of perjury of the laws of the United States of

America pursuant to 11 U.S.C. sec. 1746:

    1. I am the research assistant and legal assistant for Attorney John William Verant,

counsel for Thomas George Kibler ("Mr. Kibler") in the above-captioned matter.

    2. I make this Declaration of my own personal knowledge to authenticate Exhibits 11,

12, and 13 in support of Mr. Kibler's Reply in support of the Emergency Motion.

    3. Exhibit 11 is a true and correct copy of Mr. Kibler's July 5, 2019 Motion to Dismiss

the Complaint filed in the name of "Deutsche Bank National Trust Company as Trustee for Long

Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2" in Ramsey

County District Court Case No. Case No. 62-CV-19-4041. I highlighted the July 5, 2019 Motion

to Dismiss to exemplify Mr. Kibler's identification of the real estate located at 1694 Valerie Lane

in New Brighton, Ramsey County, Minnesota 55112 as his Homestead. I assembled Exhibit 11

by placing the cover sheet over the July 5, 2019 Motion to Dismiss.

4. Exhibit 12 is a true and correct copy of Mr. Kibler's October 1, 2019 Motion for More Definite Statement in response to the Amended Complaint filed in the name of "Deutsche Bank National Trust Company, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates, Series 2005-WL2 as serviced by Select Portfolio Servicing, Inc." under Minn. R. Civ. P. 12.05 in Ramsey County District Court Case No. Case No. 62-CV-19-4041. I highlighted the October 1, 2019 Motion for More Definite Statement to exemplify Mr. Kibler's identification of the real estate located at 1694 Valerie Lane in New Brighton, Ramsey County, Minnesota 55112 as his Homestead at ¶2 of the relief requested on pages 5-6. I assembled Exhibit 12 by placing the cover sheet over the October 1, 2019 Motion for More Definite Statement.

5. Exhibit 13 is a true and correct copy of Mr. Kibler's October 23, 2019 Declaration in Opposition to the Motion for Summary Judgment filed by SPS in the name of the Second Purported Plaintiff in Ramsey County District Court Case No. Case No. 62-CV-19-4041. I highlighted Mr. Kibler's October 23, 2019 Affidavit as ¶¶5, 8, and 14 exemplify Mr. Kibler's identification of the real estate located at 1694 Valerie Lane in New Brighton, Ramsey County, Minnesota 55112 as his Homestead. I assembled Exhibit 13 by placing the cover sheet over Mr. Kibler's October 23, 2019 Declaration.

FURTHER YOUR DECLARANT SAYETH NAUGHT.

Dated at Madison, Wisconsin this 27th day of May, 2020.

Wendy Alison Nora

2

# EXHIBIT 11

Filed in District Court
State of Minnesota
7/5/2019 4:10 PM

62-CV-19-4041

STATE OF MINNESOTA                               DISTRICT COURT

COUNTY OF RAMSEY                         SECOND JUDICIAL DISTRICT

---

Deutsche Bank National Trust Company, as          Case Type: Mortgage Foreclosure
Trustee for Long Beach Mortgage Loan Trust
2005-WL2, Asset-Backed Certificates Series        Court File No. 62-CV-19-4041
2005-WL2,
                  Plaintiff,

        vs.

Thomas G. Kibler, Stephanie L. Kibler n/k/a
Stephanie L. Langerson, John Doe and Mary
Roe,
                  Defendants.

---

NOTICE OF MOTION TO DISMISS FOR LACK OF STANDING OF THE PURPORTED
PLAINTIFF  PURSUANT TO MINN. R. CIV. P. 12.02(a) OR (c), AND/OR (d); PRESERVING
RIGHTS UNDER MINN. R. CIV. P. 12.02(e) and (f); AND APPLICATION FOR ORDER
PURSUANT TO MINN. STAT. SEC. 557.02  DISCHARGING THE JUNE 5, 2019 LIS
PENDENS UPON DISMISSAL OF THE COMPLAINT
(ALL RIGHTS RESERVED)

---

    **PLEASE TAKE NOTICE** that Thomas G. Kibler, appearing specially, through  his

attorney John William Verant by limited scope appearance, will move the Court an Order

dismissing the above-captioned action for lack of standing of the purported Plaintiff to initiate

this action and to expunge the associated Lis Pendens before the Honorable Richard H. Kyle, Jr.,

Judge of the District Court, at the Ramsey County Courthouse,15 W. Kellogg Blvd, St. Paul,

Minnesota 55102 on **November 4, 2019 at 2:30 p.m.**  at the courtroom assigned on the monitor

at Room 130.  The Motions will be brought pursuant to Minn. R. Civ. P. 12(a) or (c) and/or (d),

preserving Mr.  Kibler's rights under Minn. R. Civ. P. 12.02(e) and for specific equitable relief

1

Filed in District Court
State of Minnesota
7/5/2019 4:10 PM

62-CV-19-4041

for an Order Expunging the June 5, 2019 Lis Pendens.  The grounds for this Motion are set forth

in the Motion and Memorandum and are supported by the Request for Judicial Notice (RJN) and

judicially noticeable documents submitted as Exhibits attached thereto.  Mr. Kibler moves for the

following relief:

1.  An Order dismissing the June 5, 2019 Complaint without prejudice brought in the

name of a Plaintiff without standing to proceed in this action.

2. Expunging the Lis Pendens filed in connection with this action on June 5, 2019.

3. For such other and further relief as the Court deems just and equitable.

Dated at Fridley, Minnesota this 3rd day of July, 2019.


*/s/ John William Verant*

_____

John William Verant
Attorney at Law
7120 Riverview Terrace N.E.
Fridley, Minnesota 55432
Telephone: (763) 537-1427
Email: verantjohnwilliam@gmail.com

**ACKNOWLEDGMENT**

Pursuant to Minnesota Statutes Section 549.211, subdivision 1, the undersigned
acknowledges that costs, disbursements and reasonable attorney and witness fees could be
awarded pursuant to Minnesota Statutes Section 549.211, if the allegations of fact and legal
contentions in this Motion are not warranted by facts, existing law or a good faith argument for
the extension, modification or reversal of existing law.

Dated at Fridley, Minnesota this 3rd day of July, 2019.

*/s/ John William Verant*

_____

John William Verant

Filed in District Court
State of Minnesota
7/5/2019 4:10 PM

62-CV-19-4041

STATE OF MINNESOTA                                DISTRICT COURT

COUNTY OF RAMSEY                          SECOND JUDICIAL DISTRICT

---

Deutsche Bank National Trust Company, as    Case Type: Mortgage Foreclosure
Trustee for Long Beach Mortgage Loan Trust
2005-WL2, Asset-Backed Certificates Series    Court File No. 62-CV-19-4041
2005-WL2,
                    Plaintiff,

        vs.


Thomas G. Kibler, Stephanie L. Kibler n/k/a
Stephanie L. Langerson, John Doe and Mary
Roe,
                    Defendants.

---

MOTION TO DISMISS FOR LACK OF STANDING OF THE PURPORTED PLAINTIFF
PURSUANT TO MINN. R. CIV. P. 12.02(a) OR (c), AND/OR (d); PRESERVING RIGHTS
UNDER MINN. R. CIV. P. 12.02(e) and (f); AND APPLICATION FOR ORDER PURSUANT
TO MINN. STAT. SEC. 557.02  DISCHARGING THE JUNE 5, 2019 LIS PENDENS
UPON DISMISSAL OF THE COMPLAINT

---

**NOW COMES** Thomas G. Kibler, appearing specially, through  his attorney John

William Verant by limited scope appearance as set forth in the Notice of Limited Appearance

concurrently filed herewith, and moves the Court pursuant to Minn. R. Civ. P. 12.02(a) or (c),

and/or (d) for Orders dismissing the June 5, 2019 Complaint brought in the name of a Plaintiff

without standing to proceed in this action and applies for an Order discharging the Lis Pendens

filed in association therewith.  This Motion and Application is supported by the Request for

Judicial Notice and the judicially noticeable documents which establish the facts in support

hereof.  A separate Memorandum of Law in support of this Motion will be filed not less than 28

days prior to the date for hearing on November 4, 2019 as allowed by Minn. R. Gen. P.

1

62-CV-19-4041

Filed in District Court
State of Minnesota
7/5/2019 4:10 PM

115.03(a)(4).

# MOTION

### The Identity of the Plaintiff (Lack of Standing)

1. The purported Plaintiff identified as "Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2" initiated this action to foreclose a Mortgage granted by Thomas G. Kibler (Mr. Kibler) and his former spouse, Kimberly L. Kibler, now known as Kimberly L. Langerson, in favor of Long Beach Mortgage Company on March 7, 2005.[1]  Request for Judicial Notice, Exhibit 1.

2. The subject real estate is located at 1694 Valerie Lane in New Brighton, Minnesota 55112 (the "Kibler Homestead") and is more particularly described as

Lot 3, Block 1, Amber Oaks, Ramsey County, Minnesota.

*Id.*

3. The purported Plaintiff is not the original mortgagee identified in the subject Mortgage. *Id.*

4. The March 7, 2005 Mortgage has purportedly been assigned twice.  See Request for Judicial Notice, Exhibit 2 and Exhibit 3.

5. The purported Plaintiff is not the assignee of the subject Mortgage.

6. In ¶13 of the June 5, 2019 Complaint, the purported Plaintiff alleges:

13.  That by assignment of mortgage dated March 15, 2018, Deutsche Bank

---

[1]  Mr. Kibler preserves all of his defenses, counterclaims, and third party complaints against the parties involved in the purported loan transaction which occurred on March 7, 2005, without limitation by this Motion which applies only to the entity named as the Plaintiff herein.

62-CV-19-4041

Filed in District Court
State of Minnesota
7/5/2019 4:10 PM

National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2 assigned the Mortgage to Plaintiff, which assignment was recorded on April 11, 2018, as Ramsey County Recorder Document No. A04705386.

7.  The March 15, 2018 Assignment of Mortgage recorded on April 11, 2018 as Ramsey County Recorder Document No. A04705386 is attached hereto as Exhibit 3 to the Request for Judicial Notice.

8.  Request for Judicial Notice, Exhibit 3 conclusively establishes that the allegation in ¶13 of the June 5, 2019 Complaint is false.

9.  The assignee of the Kibler Mortgage is named on the March 18, 2018 Assignment of Mortgage is

Deutsche Bank National Trust Company, as Trustee, in Trust, for the Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2.

10.  The Plaintiff is identified as

Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2.

11.   Under Minnesota law, a party entitled to the remedy of foreclosure is the "owner of legal title to the mortgage"[2]. *JPMorgan Chase Bank, N.A. v. Erlandson,* 821 N.W.2d 600, 607 (Minn. App., 2012).

12. *JPMorgan Chase Bank, N.A. v. Erlandson,* 821 N.W.2d at 606 holds:

---

[2] Mr. Kibler does not waive his right to defend against any subsequent action brought in the name of Deutsche Bank National Trust Company, as Trustee, in Trust, for the Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2 by establishing that Deutsche Bank National Trust Company is not authorized to proceed on behalf of the Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2 who are not the owners of legal title to the mortgage either.

62-CV-19-4041

Case 18-30386    Doc 112-1    Filed 05/27/20    Entered 05/27/20 08:47:33    Desc
Declaration and Exhibits 11    12    and 13 in support of Reply    Page 9 of 34

Filed in District Court
State of Minnesota
7/5/2019 4:10 PM

Consistent with the legal principles as set forth in *Jackson*,[3] the right to foreclose by action can be exercised by the owner of legal title to the mortgage—or an entity acting on behalf of the owner of legal title to the mortgage—regardless of whether that entity also is the owner or possessor of the associated promissory note.

13.   The mortgage may also be foreclosed by the "holder of the promissory note, which may sue for a personal judgment on the note or, relying on the security of the mortgage, may sell the property and apply the proceeds of the sale to payment of the debt. *City of St. Paul v. St.Anthony Flats Ltd. P'ship*, 517 N.W.2d 58, 61-62 (Minn. App. 1994), review denied (Minn. Aug. 24, 1994)." *JPMorgan Chase Bank, N.A. v. Erlandson*, 821 N.W.2d 600, 606 (Minn. App., 2012).

14.   *JPMorgan Chase Bank, N.A. v. Erlandson,* 821 N.W.2d at 606, cites *City of St. Paul v. St.Anthony Flats Ltd. P'ship*, 517 N.W.2d at 62, writing

In choosing between mortgage foreclosure and an action on the note, the mortgagee may pursue either or both remedies, as long as there is no double recovery on the debt.

15.   No where in the twenty-two paragraph June 5, 2019 Complaint does the purported Plaintiff  claim to be the holder of the March 7, 2005 Note made payable to Long Beach Mortgage Corporation.

16.   Instead, the purported Plaintiff falsely claims to be the owner of legal title to the Mortgage, which Exhibit 3 conclusively establishes that it is not.

**Authority for Motion to Dismiss**

17.   Authority to dismiss this action brought in the name of a party without standing to proceed arises under Minn. R. Civ. P. 12.02(a) for lack of justiciability which is a component of

---

[3] *Jackson* refers to *Jackson v. Mortgage Electronic Registration Systems, Inc.*, 770 N.W.2d 487 (Minn.2009)

62-CV-19-4041

Case 18-30386    Doc 112-1    Filed 05/27/20    Entered 05/27/20 08:47:33    Desc
Declaration and Exhibits 11    12    and 13 in support of Reply    Page 10 of 34

Filed in District Court
State of Minnesota
7/5/2019 4:10 PM

subject matter jurisdiction, or, in the alternative, under Minn. R. Civ. P. 12.02( c) for insufficiency of process.

18.  Furthermore, the Summons contains a caption which is different from the caption in the Complaint.

19.  The Complaint identifies the Plaintiff as "Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2" (set forth the caption above) and the Summons identifies the Plaintiff as "Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2, 'as serviced by Select Portfolio Servicing, Inc.'"

20.  The service of a Summons with a caption which is different from the caption of the Complaint is insufficient process or is insufficient service of process and is grounds for dismissal under Minn. R. Civ. P. 12.02(c) or Minn. R. Civ. P. 12.02(d).

21.  Pursuant to Minn. R. Civ. P. 12.02(e) and in accordance with Minn. R. Civ. P. 12.08(b), Mr. Kibler reserves his right to establish in this action, if it is not dismissed, or any future pleadings fail to state a claim upon which relief may be granted.

22.  Pursuant to Minn. R. Civ. P. 12.02(f) and in accordance with Minn. R. Civ.  P. 12.08(b), Mr. Kibler reserves his right to move to dismiss the Complaint for failure to join necessary parties under Rule 19 of the Minnesota Rules of Civil Procedure.

**The June 5, 2019 Lis Pendens recorded on June 11, 2019**

23.  Furthermore, the falsely identified Plaintiff filed the Lis Pendens dated June 5, 2019 with the office of the Ramsey County Recorder on , claiming:

62-CV-19-4041

Case 18-30386   Doc 112-1   Filed 05/27/20   Entered 05/27/20 08:47:33   Desc
Declaration and Exhibits 11   12   and 13 in support of Reply   Page 11 of 34

Filed in District Court
State of Minnesota
7/5/2019 4:10 PM

Notice is further given that the object of said action is a foreclosure by action of that certain mortgage executed by Thomas G. Kibler and Stephanie L. Kibler, husband and wife, as mortgagors, to Long Beach Mortgage Company as mortgagee, dated March 7, 2005, and recorded in the office of the County Recorder on May 10, 2005, as Document No. 3854576. Said Mortgage was subsequently assigned to Plaintiff by Document Nos. 4361735 and A04705386.

See Request for Judicial Notice, Exhibit 4.

24.  Exhibit 2 establishes that the March 7, 2005 Mortgage recorded in the office of the Ramsey County Recorder on May 10, 2005 as Document No. 3854576 was not assigned to the purported Plaintiff identified as "Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2" on October 2, 2012 and recorded on October 11, 2012 as Document No. 4361735, but was purportedly assigned to Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2.[4]

25.  Exhibit 3 establishes that the October 2, 2012 Assignment of Mortgage recorded in the office of the Ramsey County Recorder on October 11, 2012 as Document No. 4361735 was not assigned to the purported Plaintiff identified as "Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2" on March 15, 2018 but was purportedly assigned to Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2.

26.  In addition to the June 5, 2019 Lis Pendens being filed in connection with a false allegation of mortgagee status at ¶13 of the Complaint against Mr. Kibler and his Homestead, the

---

[4]  Mr. Kibler reserves his rights to challenge the validity of this purported Assignment of Mortgage in subsequent proceedings.

6

62-CV-19-4041

Case 18-30386   Doc 112-1   Filed 05/27/20   Entered 05/27/20 08:47:33   Desc
Declaration and Exhibits 11   12   and 13 in support of Reply   Page 12 of 34

Filed in District Court
State of Minnesota
7/5/2019 4:10 PM

Lis Pendens itself is false as stated in ¶¶25 and 25, above.

27.   A Lis Pendens is allowed to be filed under Minn. Stat. sec. 557.02 "in all actions in which title to, or an interest in or lien upon, real property is involved or affected . . ."

28.   Minn. Stat. sec. 557.02 provides, in relevant part:

In all actions in which the title to, or any interest in or lien upon, real property is involved or affected, or is brought in question by either party, any party thereto, at the time of filing the complaint, or at any time thereafter during the pendency of such action, may file for record with the county recorder of each county in which any part of the premises lies a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the real property in such county involved, affected or brought in question thereby. . . .  **Any party claiming any title or interest in or to the real property involved or affected may on such notice as the court shall in each case prescribe, make application to the district court in the county in which the action is pending or in which the real property involved or affected is situated, for an order discharging the lis pendens of record, when any such action has not been brought on for trial within two years after the filing of the lis pendens** and in case the court orders the lis pendens discharged of record upon the filing of a certified copy of the order of the court in the office of the county recorder, where the real property is situated, the lis pendens shall be void and of no force nor effect.

29.   Upon dismissal of this action which has been brought in the name of the Plaintiff which is not a mortgagee of record and does not claim to be the holder of the promissory note entitled to equitable assignment of the mortgagee interest, the action will terminate and will not be brought on for trial at any time within two years after the filing of the Lis Pendens.

30.   Accordingly the June 5, 2019 Lis Pendens filed by Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2 should be discharged under Minn. Stat. sec. 557.02.

**WHEREFORE**, the June 5, 2019 Complaint should be dismissed and the June 5, 2019 Lis Pendens filed in connection with the June 5, 2019 Complaint without prejudice to re-filing upon sufficient allegations to establish the standing of Deutsche Bank National Trust Company

7

62-CV-19-4041

Case 18-30386    Doc 112-1    Filed 05/27/20    Entered 05/27/20 08:47:33    Desc
Declaration and Exhibits 11    12    and 13 in support of Reply    Page 13 of 34

Filed in District Court
State of Minnesota
7/5/2019 4:10 PM

as Trustee for Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series

2005-WL2.

Dated at Fridley, Minnesota this 3rd day of July, 2019.

*/s/ John William Verant*

_____

John William Verant
Attorney at Law
7120 Riverview Terrace N.E.
Fridley, Minnesota 55432
Telephone: (763) 537-1427
Email: verantjohnwilliam@gmail.com

## ACKNOWLEDGMENT

Pursuant to Minnesota Statutes Section 549.211, subdivision 1, the undersigned acknowledges that costs, disbursements and reasonable attorney and witness fees could be awarded pursuant to Minnesota Statutes Section 549.211, if the allegations of fact and legal contentions in this Motion are not warranted by facts, existing law or a good faith argument for the extension, modification or reversal of existing law.

Dated at Fridley, Minnesota this 3rd day of July, 2019.

*/s/ John William Verant*

_____

John William Verant

8

# EXHIBIT 12

62-CV-19-4041

Filed in District Court
State of Minnesota
10/1/2019 7:39 PM

STATE OF MINNESOTA                                    DISTRICT COURT
COUNTY OF RAMSEY                              SECOND JUDICIAL DISTRICT

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2, by and through its servicer, Select Portfolio Servicing, Inc.[1], | Case Type: Mortgage Foreclosure <br><br> Court File No. 62-CV-19-4041 |

    Plaintiff,

 vs.

Thomas G. Kibler, Stephanie L. Kibler n/k/a
Stephanie L. Lageson, John Doe and Mary
Roe,
    Defendants.

---

NOTICE OF MOTION AND MOTION UNDER MINN. R. CIV. P. 12.05
RESERVING RIGHTS UNDER MINN. R. CIV. P. 12.02(a), (e) AND (f); AND
MAINTAINING APPLICATION FOR ORDER PURSUANT TO MINN. STAT. SEC. 557.02
DISCHARGING THE JUNE 5, 2019 LIS PENDENS
ALL RIGHTS RESERVED

---

[1] This action was initiated by a Summons identifying the Plaintiff as

 Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2, by Select Portfolio Servicing, Inc.

to which a Complaint identifying the purported Plaintiff as

 Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2

was attached.

 The Law Firm of USSET WEINGARDEN & LIEBO, PLLP has attempted recommencement of the action in the name of a second Plaintiff identified as

 Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2, by and through its servicer, Select Portfolio Servicing, Inc.

1

Case 18-30386    Doc 112-1    Filed 05/27/20    Entered 05/27/20 08:47:33    Desc
Declaration and Exhibits 11    12    and 13 in support of Reply    Page 16 of 34

62-CV-19-4041

Filed in District Court
State of Minnesota
10/1/2019 7:39 PM

# NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Thomas G. Kibler (Mr. Kibler), appearing specially,
through his attorney John William Verant by limited scope appearance, will move the Court for
an Order for pursuant to Minn. R. Civ. P. 12.05 requiring compliance with Minn. R. Civ. P.
10.02 by Paragraphing and for Separate Statements of the contents of ¶5 and for More Definite
Statement the contents of the second sentence of ¶5 of the Amended Complaint at the time
and place of hearing previously set for hearing the Application for Order Discharging the Lis
Pendens filed on June 5, 2019 with the Ramsey County Recorder under Minn. Stat. sec. 557.02.

Hearing on the Motion and Application will be held before the Honorable Richard H.
Kyle, Jr., Judge of the District Court, at the Ramsey County Courthouse, 15 W. Kellogg Blvd.,
St. Paul, Minnesota 55102 on **November 4, 2019 at 2:30 p.m.** at the courtroom assigned on the
monitor at Room 130.

The grounds for the Motion are set forth below.

## MOTION FOR MORE DEFINITE STATEMENT, FOR PARAGRAPHING AND FOR SEPARATE STATEMENT
### Reserving all rights under Minn. R. Civ. P. 12.02(a), (e) and (f)[2]

**NOW COMES** Thomas G. Kibler (Mr. Kibler), appearing specially[3], through his

---

[2] Mr. Kibler preserves all of his defenses, counterclaims, and third party complaints against the
parties involved in the purported loan transaction which occurred on March 7, 2005, without limitation
by this Motion.

[3] Mr. Kibler maintains his special appearance, in part, because the chain of title constructed by
Assignment of Mortgage dated October 2, 2012 and recorded with the Ramsey County Recorder as Doc.
4361735 on October 11, 2012 (the "First Assignment of Mortgage") is void. JP Morgan Chase Bank,
N.A. did not purchase the Kibler Note and Mortgage from the FDIC on September 25, 2008, but
purchased only the servicing rights of Washington Mutual Bank. The Assignment of Mortgage dated
March 15, 2018 and recorded with the Ramsey County Record as Doc. A04705386 on April 11, 2018
(the "Second Assignment of Mortgage") is void because depends on the validity of the void First
Assignment of Mortgage and the Second Assignment of Mortgage purports to assign an interest in the

62-CV-19-4041

Filed in District Court
State of Minnesota
10/1/2019 7:39 PM

attorney John William Verant by limited scope appearance[4], solely for the purpose of filing and presenting Mr. Kibler's Rule 12.05 Motion for More Definite Statement, for Paragraphing and for Separate Statement and maintaining the Application to Discharge the June 5, 2019 Lis Pendens filed on July 5, 2019.   Mr. Kibler reserves his right to file any Memorandum which he may choose to file not less than 14 days before the November 4, 2019 hearing as allowed under Minn. R. Gen. P. 115.04(a) and his right to file his reply to any response which may be filed by in the name of the Second Purported Plaintiff as allowed under Minn. R. Gen. P. 115.04( c).

In support of the Rule 12.05 Motion, Mr. Kibler shows the Court:

1.   The Amended Complaint is filed in the name of "Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2, by and through its servicer, Select Portfolio Servicing, Inc." (the "Second Purported Plaintiff").

2.   Paragraph 5 of the July 12, 2019 Amended Complaint contains two (2) sentences and reads:

> 5.   That on or about March 7, 2005, Defendants Thomas G. Kibler and Stephanie L. Lageson executed a certain promissory note (the "Note") in favor of Long Beach Mortgage Company in the principal amount of $323,000.00 together with an interest rate of 7.200 percent per annum, payable on or before April 1, 2035. Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2, through its agents and attorneys, is the holder of the Note endorsed in blank.

3.   Minn. R. Civ. P. 12.05 provides:

---

Kibler Mortgage which based on the void First Assignment of Mortgage.

[4] The limited scope appearance has been interpreted to include the undersigned's appearance to prepare and present preliminary Motions in response to the Amended Complaint filed on July 12, 2019.

3

62-CV-19-4041

Filed in District Court
State of Minnesota
10/1/2019 7:39 PM

12.05 Motion for More Definite Statement, for Paragraphing and for Separate Statement

If a pleading to which a responsive pleading is permitted violates the provisions of Rule 10.02, or is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a compliance with Rule 10.02 or for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within ten days after service of notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

4.  Minn. R. Civ. P. 10.02 provides:

10.02  Paragraph; Separate Statements

All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

5.  The contents of the two (2) sentences in ¶5 do not involve a statement of a single set of circumstances.

6.  The first sentence avers that the  Kiblers signed a Note in favor of Long Beach Mortgage Loan Company on March 7, 2005 and the second sentence avers that an entity unrelated the Long Beach Mortgage Loan Company is in possession of the Note through its agents and attorneys.

7.  The two (2) sentences are unrelated in time, parties and circumstances and, pursuant to Minn. Stat. sec. 10.02 are required to be set forth in separate paragraphs because Mr. Kibler cannot be expected to admit, deny or asset lack of personal knowledge in response to both sentences in ¶5.

8.  Additionally, the circumstances under which document purporting to be "the Note"

4

62-CV-19-4041

Filed in District Court
State of Minnesota
10/1/2019 7:39 PM

was allegedly endorsed in blank and came into the possession of the Second Purported Plaintiff,

it agents and attorneys, must be specified to the extent that the claim relies in any manner on the

provisions of the Article III of the Uniform Commercial Code (UCC) at Minn. Stat. secs. 336.3-

101 through 336.3-606, particularly the requirements for establishing negotiability under UCC

Article III, part 2 (Minn. Stat. secs. 336.3-201 through 336.3-207) and enforceability under UCC

Article III, part 3 (Minn. Stat. secs. 336.301 through 336.3-306, which may also require

compliance with UCC Article IX, especially Minn. Stat. sec. 336.9-203.

9.  The second sentence of ¶5 is so vague and ambiguous with respect to the identity of

the parties, dates of events, chain of custody and authority of the entities involved that Mr. Kibler

cannot reasonably be expected to form an answer to the second sentence of ¶5, when it is pleaded

as a separate paragraph as required by Minn. R. Civ. P. 10.02.

10.  Moreover, the vague and ambiguous averments in the second sentence of ¶5 prevents

Mr. Kibler from formulating his defenses, e.g., whether not the Second Purported Plaintiff is a

holder in due course taking free from Mr. Kibler's defenses or is not entitled to a holder in due

course status.

**WHEREFORE**, the Mr. Kibler moves the Court for the following relief:

1. Entry of an Order under Minn. R. Civ. P. 12.05 requiring compliance with Minn. R.

Civ. P. 10.02 by separately pleading the circumstances set forth in two (2) sentences of ¶5 and

requiring the second sentence of ¶5 to be more specifically pleaded to address the issues of

negotiability, enforceability, attachment, control and perfection.

2. Entry of an Order discharging the June 5, 2019 Lis Pendens filed with the Ramsey

County Recorder in the name of the First Purported Plaintiff in connection with this action on

5

Filed in District Court
State of Minnesota
10/1/2019 7:39 PM

June 12, 2019 because the July 12, 2019 Amended Complaint names the Second Purported

Plaintiff  as the party with claimed rights and interests in the Kibler Homestead and thereby

admits that the First Purported Plaintiff identified in the June 5, 2019 Lis Pendens has no rights

and interests in the Kibler Homestead.

    3.  Such other and further relief as the Court deems just and equitable.

Dated at Fridley, Minnesota this 1st day of October, 2019.

*/s/ John William Verant*

_____

John William Verant
Attorney at Law
7120 Riverview Terrace N.E.
Fridley, Minnesota 55432
Telephone: (763) 537-1427
Email: verantjohnwilliam@gmail.com

## ACKNOWLEDGMENT

Pursuant to Minnesota Statutes Section 549.211, subdivision 1, the undersigned acknowledges that costs, disbursements and reasonable attorney and witness fees could be awarded pursuant to Minnesota Statutes Section 549.211, if the allegations of fact and legal contentions in this Motion are not warranted by facts, existing law or a good faith argument for the extension, modification or reversal of existing law.

Dated at Fridley, Minnesota this 1st day of October, 2019.

*/s/ John William Verant*

_____

John William Verant

# EXHIBIT 13

62-CV-19-4041

Case 18-30386    Doc 112-1    Filed 05/27/20    Entered 05/27/20 08:47:33    Desc
Declaration and Exhibits 11    12    and 13 in support of Reply    Page 22 of 34

Filed in District Court
State of Minnesota
10/24/2019 7:44 PM

STATE OF MINNESOTA                  DISTRICT COURT
COUNTY OF RAMSEY           SECOND JUDICIAL DISTRICT

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2, by and through its servicer, Select Portfolio Servicing, Inc.[1], <br>        Plaintiff, <br><br> vs. <br><br> Thomas G. Kibler, Stephanie L. Kibler n/k/a Stephanie L. Lageson, John Doe and Mary Roe, <br>        Defendants. | Case Type: Mortgage Foreclosure <br><br> Court File No. 62-CV-19-4041 |

## RULE 56.04 AFFIDAVIT OF THOMAS G. KIBLER
## BY DECLARATION PURSUANT TO MINN. STAT. SEC. 358.116

Thomas G. Kibler declares under penalty of perjury pursuant to Minn. Stat. sec. 358.116

on October 23, 2019 at New Brighton, Minnesota:

1. I am one of the defendants in the above-captioned case.

2. I make this Declaration under Rule 56.04 to defer, continue or deny the pending

---

[1] This action was initiated by a Summons identifying the Plaintiff as
Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2, by Select Portfolio Servicing, Inc.
to which a Complaint identifying the purported Plaintiff as
Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2
was attached.
     The Law Firm of USSET WEINGARDEN & LIEBO, PLLP has attempted recommencement of the action in the name of a second Plaintiff identified as
Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2, by and through its servicer, Select Portfolio Servicing, Inc.

1

Filed in District Court
State of Minnesota
10/24/2019 7:44 PM

62-CV-19-4041

Motion for Summary Judgment in the event that the Court finds that the Opposition to Summary Judgment and Affidavits and Declarations are presently insufficient to preclude the granting of Summary Judgment in favor of the party identified as Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2, by and through its servicer, Select Portfolio Servicing, Inc. (the "Second Purported Plaintiff").

3.   If called to testify, I would competently testify of my own personal knowledge to the facts set forth herein, except where certain facts are asserted upon information and belief, in which case evidence of the facts asserted upon information and belief is being sought in formal discovery.

4.   I am an adult citizen of Minnesota, I am over the age of 18 years, and I have resided in New Brighton, Ramsey County in the State of Minnesota at 1694 Valerie Lane, for over 23 years.

5.   1694 Valerie Lane in New Brighton, Ramsey County, Minnesota is my Homestead.

6.   I have an employment and educational background in finance and held securities licenses (Series 3, 7, and 63) from 1987-1991.

7.   In 1993, I earned my MBA from Carlson School of Business at the University of Minnesota.

8.   I worked in financial services for three (3) decades until my recent disability caused by an aortic dissection which I have been informed and believe was the result of prolonged stress from dealing with the efforts of Chase and then SPS to foreclose on my Homestead using false documents and false statements to deceive me, asserting the right to proceed to nonjudicial foreclosure.

2

62-CV-19-4041

Filed in District Court
State of Minnesota
10/24/2019 7:44 PM

9.  From 1997-1999, I was employed by GMAC/RFC as a Director of Business Development for Consumer Finance in the mortgage brokering and correspondent lending division .

10.  2001-2002 I was marketing manager for Conseco, predecessor in interest to Greentree Financial.

11.  I was a wholesale business development manager in the mortgage brokering area 2002-2003 Weyerhauser Mortgage Corporation (WMC) and from 2003-2004, I worked for Novastar, a mortgage brokerage.

12.  Thereafter, I worked for eight (8) years with Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. ("Wells Fargo), as an originator, manager, and underwriter for mortgage products.

13.  From 2011-2013, I was responsible for investigating and resolving Wells Fargo's repurchase obligations with the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac) (collectively "the Agencies") involving identification of defective mortgage products sold to the Agencies which required Wells Fargo to repurchase the Mortgage Loans from the Agencies.

14.  On March 7, 2005,  I participated in what I was led to believe was  a transaction to re-finance my Homestead on March 7, 2005 which was represented as a conventional re-financing but which I later learned was a securities purchase for re-sale which was not disclosed to me.

15.  Without my knowledge and consent, the March 7, 2005 transaction was intended to acquire my signature and the signature of my former spouse on a Note and Mortgage (Collateral

3

62-CV-19-4041

Filed in District Court
State of Minnesota
10/24/2019 7:44 PM

Documents) for the undisclosed, unregulated sale of the Collateral Documents to an unidentified third party.

16. The documents purportedly signed on March 7, 2005 identified the purported "Lender" as Long Beach Mortgage Company but, upon information and belief, Long Beach Mortgage Company was not the "Lender" but was acting as an unlicensed securities dealer to acquire Collateral Documents for the benefit of an unidentified third party.

17. Based on my educational and employment experience, I am familiar with and can identify the elements of mortgage fraud.

18. In November, 2009, Chase told me to withhold payments in order to obtain a loan modification and then commenced foreclosure in January, 2010, conduct which is known as dual tracking and which is now penalized by Minn. Stat. sec. 582.043, I commenced investigation into the nature of the transaction originated on March 7, 2005 and the parties involved.

19. Since no later than January, 2010 over the course of almost 10 years, I have diligently sought to ascertain the identity of the entity entitled to receive payments under the purported Note and to enforce the security interest (Mortgage) purportedly signed by me and my former spouse, Stephanie L. Lageson, on March 7, 2005.

20. Despite years of my own investigation and efforts to obtain information necessary to establish the true facts of the transactions involving the Collateral Documents including the identity of the entity entitled to the beneficial interest in the Mortgage and to receive payments under the Note, if any are due, formal discovery may be necessary to obtain the evidence necessary to establish my yet-to-be pleaded affirmative defenses, counterclaims and third party complaints if this Court is inclined to grant summary judgment to the Second Purported Plaintiff

62-CV-19-4041

Filed in District Court
State of Minnesota
10/24/2019 7:44 PM

despite my opposition thereto.

21.  The independent research I have conducted into the identities and capacities of certain of the signors of documents upon which the Second Purported Plaintiff relies has allowed me to locate certain individuals whose signatures appear on the Note and the First Assignment of Mortgage.

22.  I was able to locate Brandon W. Johnson and have obtained his Affidavit to be submitted in Opposition to the Motion for Summary Judgment filed by the Second Purported Plaintiff.

23.  Brandon W. Johnson was a clerical/administrative employee of JPMorgan Chase Bank, N.A. (Chase) and Chase directed him to sign non-MERS® System documents as Vice President of Chase although he was not a vice president of Chase.

24.   My research indicates that Jess Almanza, who purportedly endorsed the March 7, 2005 Note in the capacity of Vice President of Long Beach Mortgage Company was never Vice President of Long Beach Mortgage Company.

25.  Jess Almanza has publicly stated that was employed by Washington Mutual Bank in the capacity of Vice President-Capital Markets/National Post Closing Operations between 1995 and July, 2006. See https://www.linkedin.com/in/jess-almanza-6645456/

26.  Jess Almanza has publicly stated that he has been employed by Bank of America, N.A. in the capacity of Director, Secondary Markets, since September, 2006.  See https://www.linkedin.com/in/jess-almanza-6645456/

27.  I am informed that a deposition of Jess Almanza should be scheduled in the course of discovery in the action if his public admission is deemed insufficient to establish his incapacity to

5

Filed in District Court
State of Minnesota
10/24/2019 7:44 PM

sign as Vice President of Long Beach Mortgage Company.

28.  I have been able to locate Angela Shepard whose name and initials appear on the

Note as part of the dual endorsement with the name and squiggle attributed to Jess Almanza.

29.  Angela Shepard is presently employed at CalVet funding in Stockton/

Sacramento California and her deposition may be taken during the period allowed for discovery

in this action.

30.  Using the statutory provisions for disclosures under the Real Estate Settlement

Practices Act (RESPA) and the Fair Debt Collection Practices Act (FDCPA) as well as numerous

formal requests for information and production of official documents under the Freedom of

Information Act (FOIA) and requests for information from First American Title Insurance

Company and officials in county, state and federal government agencies, I have sought to

discover the true nature of the transactions and the parties involved.  See, for example, the May

23, 2018 Response to my request for information, a true and correct copy of which is attached as

Exhibit 1.

31.  The course of my independent investigation has been impeded by the receipt of false

and contradictory information.  See, e.g., Exhibit 1, page 4 under the heading "Assignments" in

which SPS falsely states that Assignments of Mortgages are not required in securitization

transactions until foreclosure is to be commenced, when Section 2.01 of the Pooling & Servicing

Agreement (PSA), an excerpt of which is attached hereto as Exhibit 2, sets forth the requirements

for conveyances of Mortgage Loans into Long Beach Mortgage Loan Trust 2005-WL2 and page

53 of Exhibit 1 purports to be an Assignment of Mortgage was provided to me by SPS in the very

same May 23, 2018 Response (Exhibit 1).  See also pages 12-13 of the Response (Exhibit 1)

6

62-CV-19-4041

Case 18-30386    Doc 112-1    Filed 05/27/20    Entered 05/27/20 08:47:33    Desc
Declaration and Exhibits 11    12    and 13 in support of Reply    Page 28 of 34

Filed in District Court
State of Minnesota
10/24/2019 7:44 PM

which purports to be a copy of the March 7, 2005 Note which does not display any endorsements.

32.   I have also experienced considerable obstruction of my informal inquiries by state and federal agencies.

33.   I have encountered evidence that essential information regarding the transactions involving my purported Note and Mortgage after the September 25, 2008 closing of Washington Mutual Bank has been withheld from the public by the FDIC and has been misrepresented by Chase.

34.   I have been diligently researching and investigating the identities and capacities of individuals whose signatures are displayed on the documents upon which the Second Purported Plaintiff relies as well as evidence in the public record to ascertain the true nature of the transaction and the entities involved, particularly the endorsers of the March 7, 2005 Note, Jess Almanza and Angela Shepard acting in the purported capacities of officers of Long Beach Mortgage Company, a copy of which is attached hereto as Exhibit 3, and Brandon W. Johnson who executed the October 2, 2012 Assignment of Mortgage in the capacity of Vice President of JPMorgan Chase Bank, N.A., recorded on October 11, 2012 in the Office of the Ramsey County Recorder as Document # 4361735, a true and correct copy of the Certified Copy of which is attached hereto as Exhibit 4.

35.   I filed for protection under Chapter 13 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Minnesota (MNB) on February 13, 2018 in Case No. 18-30386 because although Select Portfolio Servicing, Inc. (SPS) had postponed the Sheriff's Sale from February 13, 2018 to February 27, 2018, SPS sent me a letter which I opened on February 12, 2018 stating that SPS would be proceeding to a nonjudicial

62-CV-19-4041

Case 18-30386   Doc 112-1   Filed 05/27/20   Entered 05/27/20 08:47:33   Desc
Declaration and Exhibits 11   12   and 13 in support of Reply   Page 29 of 34

Filed in District Court
State of Minnesota
10/24/2019 7:44 PM

foreclosure by Sheriff's Sale despite my ongoing efforts to ascertain the identity of the party entitled to receive payments on the March 7, 2005 Note and performance of the covenants in the March 7, 2005 Mortgage as well as the authority under which Chase and SPS were seeking to enforce the purported obligations.

36.  After I filed for Chapter 13 protection, SPS prepared and caused to be executed a second Assignment of Mortgage (Corporate Assignment of Mortgage executed by SPS employee Daniel Haley, Document Control Officer) which was recorded on April 11, 2018 with the Ramsey County Recorder as Doc No A04705386, a true and correct copy of the Certified Copy of which is attached hereto as Exhibit 5.

37.  Since I retained counsel in my Chapter 13 Bankruptcy, MNB Case No. 18-30386 (the "Chapter 13 Case"), I have been assisted by the office of my counsel in reviewing the substantial evidence I have accumulated in the investigation I conducted on my own before counsel was obtained and have continued to conduct, analyzing the documents filed in the Chapter 13 Case and in responding to the efforts of SPS to appear and proceed in the name of "Deutsche Bank National Trust Company as Trustee for Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2".

38.  On September 12, 2018, the Bankruptcy Court entered the Order Lifting the Automatic Stay (Doc. 77) to which I had agreed in order to allow the Second Purported Plaintiff to commence judicial foreclosure proceedings in Ramsey Court District Court so that rights and obligations could be determined under the laws of the State of Minnesota which was the purpose of my agreement to the Order Lifting the Automatic Stay.   See Exhibit 6 attached hereto which is a true and correct copy of the September 12, 2018 Order.

8

62-CV-19-4041

Case 18-30386   Doc 112-1   Filed 05/27/20   Entered 05/27/20 08:47:33   Desc
Declaration and Exhibits 11   12   and 13 in support of Reply   Page 30 of 34

Filed in District Court
State of Minnesota
10/24/2019 7:44 PM

39. On November 29, 2018, I filed a Chapter 13 Plan in the Chapter 13 Case as Doc. 100, which provides in Section 17 that the judicial foreclosure action now pending will resolve the standing of the Second Purported Plaintiff to seek the equitable remedy of foreclosure and that I would seek to obtain any damages to which I might be entitled for payment to holders of allowed claims in the Chapter 13 Case. A true and correct copy of the November 29, 2018 Chapter 13 Plan is attached hereto as Exhibit 8.

40. The Chapter 13 Plan was confirmed by Order of the United States Bankruptcy Court for the District of Minnesota (the "Bankruptcy Court") in MNB Case No. 18-30386 on December 6, 2018 at Doc. 104. See attached Exhibit 8, a true and correct copy of the Order of the Bankruptcy Court.

41. This action was commenced on June 5, 2019 in the name of "Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2" (the "First Purported Plaintiff") with a Summons issued in the name of "Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2 by Select Portfolio Servicing, Inc."

42. I moved to dismiss the Complaint of the First Purported Plaintiff on July 5, 2019 because the entity named as the First Purported Plaintiff is not a mortgagee of record and the named Plaintiff on the Summons and Complaint were not the same.

43. On July 12, 2019, an Amended Complaint was filed in the name of a Second Purported Plaintiff identified as "Deutsche Bank National Trust Company as Trustee for Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates

9

62-CV-19-4041

Filed in District Court
State of Minnesota
10/24/2019 7:44 PM

Series 2005-WL2" and an Amended Summons was issued in the corresponding name.

44.  On August 7, 2019, I agreed to waive service of the Amended Summons.

45.  On August 20, 2019, this Court entered a Scheduling Order setting March 13, 2020 as the deadline for completing discovery in this action.

46.  I responded to the July 12, 2019 Amended Complaint on October 1, 2019 under Rule 12.05 Motion which is set for hearing on November 4, 2019.

47.  On October 7, 2019, the Second Purported Plaintiff moved for Summary Judgment.

48.  On October 18, 2019, my attorney commenced formal discovery under this Court's Scheduling Order entered on August 20, 2019.

49.  I am presently in possession of testimonial and documentary evidence which supports my position that SPS is not authorized by Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2, by and through its servicer, Select Portfolio Servicing, Inc. to proceed in this action and am seeking additional evidence to support my position in formal discovery.

50.  At this early stage of the proceedings in this action, I am seeking additional evidence in formal discovery to support my yet-to-be pleaded defenses, counterclaims and third party complaints.

51.  I make this Declaration under Rule 56.04 in the event that this Court finds that the evidence produced in opposition to the Motion for Summary Judgment filed by the Second Purported Plaintiff is insufficient to create genuine disputes of material fact.

52.  I declare under penalty of perjury that everything I have stated in this document

10

62-CV-19-4041

Case 18-30386    Doc 112-1    Filed 05/27/20    Entered 05/27/20 08:47:33    Desc
Declaration and Exhibits 11    12    and 13 in support of Reply    Page 32 of 34

Filed in District Court
State of Minnesota
10/24/2019 7:44 PM

which is based on my own personal knowledge is true and correct and that the copies of

documents attached hereto as Exhibits 1-8 are true and correct copies of what they purport to be.

FURTHER YOUR DECLARANT SAYETH NAUGHT.

Dated at New Brighton, Ramsey County, Minnesota this 23rd day of October, 2019.

Thomas G. Kibler

62-CV-19-4041

Filed in District Court
State of Minnesota
10/24/2019 7:44 PM

STATE OF MINNESOTA                                    DISTRICT COURT
COUNTY OF RAMSEY                             SECOND JUDICIAL DISTRICT

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2, by and through its servicer, Select Portfolio Servicing, Inc.[1], <br>       Plaintiff, <br><br> vs. <br><br> Thomas G. Kibler, Stephanie L. Kibler n/k/a Stephanie L. Lageson, John Doe and Mary Roe, <br>       Defendants. | Case Type: Mortgage Foreclosure <br><br> Court File No. 62-CV-19-4041 |

## EXHIBIT LIST IN SUPPORT OF
## RULE 56.04AFFIDAVIT OF THOMAS G. KIBLER
## BY DECLARATION PURSUANT TO MINN. STAT. SEC. 358.116

EXHIBIT 1: May 23, 2018 Response by Select Portfolio Servicing, Inc. to request for information

EXHIBIT 2: Excerpt of Section 2.01 of the Pooling & Servicing Agreement (PSA) for Long Beach Mortgage Loan Trust 2005-WL2

EXHIBIT 3:  March 7, 2005 Note purportedly endorsed by Jess Almanza and Angela Shepard in the capacities of officers of Long Beach Mortgage Loan Company

---

[1] This action was initiated by a Summons identifying the Plaintiff as
Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2, by Select Portfolio Servicing, Inc.
to which a Complaint identifying the purported Plaintiff as
Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2
was attached.
    The Law Firm of USSET WEINGARDEN & LIEBO, PLLP has attempted recommencement of the action in the name of a second Plaintiff identified as
Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates Series 2005-WL2, by and through its servicer, Select Portfolio Servicing, Inc.

1

62-CV-19-4041

Case 18-30386   Doc 112-1   Filed 05/27/20   Entered 05/27/20 08:47:33   Desc
Declaration and Exhibits 11    12    and 13 in support of Reply    Page 34 of 34

Filed in District Court
State of Minnesota
10/24/2019 7:44 PM

EXHIBIT 4:  October 2, 2012 Assignment of Mortgage executed by Brandon W. Johnson in the capacity of Vice President of JPMorgan Chase Bank, N.A. recorded on October 11, 2012 in the Office of the Ramsey County Recorder as Document # 4361735

EXHIBIT 5: Corporate Assignment of Mortgage executed by SPS employee Daniel Haley in the capacity of Document Control Officer recorded on April 11, 2018 with the Ramsey County Recorder as Doc No A04705386

EXHIBIT 6: September 12, 2018 Order Lifting the Automatic Stay filed in MNB Case No. 18-30395 as Doc. 77

EXHIBIT 7:  November 29, 2018 Chapter 13 Plan filed in MNB Case No. 18-30395 as Doc. 100

EXHIBIT 8: Order Confirming Chapter 13 Plan in MNB Case No. 18-30395 entered as Doc. 104 on December 6, 2018

2